KATHLEEN E. WELLS (SBN 107051)
3393 Maplethorpe Lane
Soquel, CA 95073
Telephone: (831) 475-1243
Email: lioness@got.net

Attorney for plaintiff, LAURIE SODERMAN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION – ECF PROGRAM

| | |
|---|---|
| LAURIE SODERMAN,<br><br>  Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CRUZ; SANTA CRUZ COUNTY SHERIFF PHIL WOWAK; TWENTY UNKNOWN COUNTY SHERIFFS DEPUTIES, CORRECTIONAL OFFICERS, MEDICAL PERSONNEL; CALIFORNIA FORENSIC MEDICAL GROUP,<br><br>  Defendants. | CASE #<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE<br><br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.      This action arises under the Civil Rights Act of 1871 (42 U.S.C. Sections 1983 and 1988) and the Fourth Amendment to the Constitution of the United States. This Court has jurisdiction of the federal claims under 28 U.S.C. Section 1331, 1332, 1343(3) 1343(4), 2201, and 2202. This court has pendent jurisdiction over the state causes of action.

2.      Venue is proper in the Northern District of California, San Jose Division, pursuant to 28 U.S.C. § 1391, in that the subject matter of this action arose in this district, all defendants are subject to personal jurisdiction in this district, and there is no district in which the action may otherwise be brought.

## PARTIES

3. Plaintiff LAURIE SODERMAN, ("plaintiff") is, and at all relevant times herein was, a resident of the County of SANTA CRUZ, State of California.

4. Defendant COUNTY OF SANTA CRUZ (hereinafter "COUNTY") is a political subdivisions of the State of California.

5. PHIL WOWAK is and was at all relevant times, the Sheriff of the COUNTY

6. TWENTY UNKNOWN COUNTY SHERIFFS DEPUTIES, CORRECTIONAL OFFICERS, MEDICAL PERSONNEL (collectively hereinafter referred to as the "OFFICERS") were sheriffs deputies and/or correctional officers and/or other COUNTY personnel;  in performing the acts alleged herein, these defendants were acting as agents of the COUNTY employed by the COUNTY and/or were acting individually, outside the course and scope of their employment; and, in performing all of the acts alleged herein, these defendants acted under color of state law and the statutes, ordinances, regulations, customs and usages of the COUNTY,  and pursuant to the official policy, custom and practice of the COUNTY.  These defendants are charged with enforcing state and local laws and additionally charged with knowledge and protection of citizens' constitutional rights while enforcing such laws.

7. CALIFORNIA FORENSIC MEDICALGROUP is a for profit corporation contracted by the COUNTY to provide medical services to the inmates at the COUNTY jail.

8. The names and capacities of defendants TWENTY UNKNOWN COUNTY SHERIFFS DEPUTIES, CORRECTIONAL OFFICERS, MEDICAL PERSONNEL are presently unknown to the plaintiff.  Each of these unknown parties has acted as agent of or in concert with the named defendants in the matters referred to herein and is responsible in some manner for the damages suffered by plaintiffs.  Plaintiff will amend this complaint to add the names and capacities of these defendants when ascertained.

9. In doing the things herein alleged, the defendants, and each of them, acted as the agent, servant, employee of the remaining defendants, and acted in concert with them

Kate Wells
and
Aaron
Lodge,
Attorneys
for plaintiff

**FACTS GIVING RISE TO THE CLAIMS FOR RELIEF**

10. Plaintiff was a pretrial detainee at the Santa Cruz COUNTY jail.

11. On March 12, 2015, OFFICERS, placed her in the back of a van for transport to the COUNTY courthouse for a court appearance. OFFICERS shackled and handcuffed her but did not secure her with a seat belt or any other safety device.

12. En route to the courthouse, the transporting OFFICER violently struck some unknown structure or barrier with the van.

13. Plaintiff was violently thrown around the back of the van. She was thrown to the roof of the van and slammed against the cage then against the wall and then was thrown to the floor where she remained until OFFICERS came to check on her. Plaintiff, being handcuffed and shackled, was unable to protect herself.

14. Plaintiff suffered serious injuries to her head, her neck, her elbow and to her lower back. Because of her injuries she has developed a limp and other serious medical complications.

15. The OFFICERS returned plaintiff to the jail. The driver OFFICER had called ahead to report that plaintiff had been injured in the collision. OFFICERS made a report and sent her to medical where they took her temperature, her blood pressure and checked her eyes and ears.

16. Plaintiff complained to OFFICERS that she was in pain; that she felt a shooting pain in her back that was so severe that it took her breath away. She also complained of her other injuries. Despite her complaints, OFFICERS did nothing to diagnose or treat her injuries. She remained in custody for almost a month, suffering from, and complaining about her injuries. OFFICERS failed to provide her with any care or relief for her injuries. She was finally released on April 10, 2015.

17. Plaintiff filed a tort claim against the COUNTY on September 10, 2015, and the COUNTY mailed the denial of the claim on October 21, 2015.

**FIRST CLAIM FOR RELIEF**

**VIOLATION OF CIVIL RIGHTS (Title 42 U.S.C. Section 1983)**

Kate Wells and Aaron Lodge, Attorneys for plaintiff

**DUE PROCESS CLAUSE OF FOURTEENTH AMENDMENT**

18. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 17 of this complaint.

19. Defendants, as described herein before, were deliberately indifferent to plaintiff's serious medical needs and inflicted unnecessary and wanton pain and suffering on her which resulting in permanent injuries. Defendants herein acted under color of law to deprive Plaintiff of her Fourteenth Amendment right to be free from deliberate indifference to her serious medical needs

20. Plaintiff further alleges that COUNTY failed to properly train and supervise its agents and employees to prevent the violation of clearly established constitutional rights, and thereby maintained unlawful and illegal customs and policies which resulted in the unlawful and unconstitutional treatment of plaintiff by its agents and employees.

21. As a direct and proximate result of the unlawful actions of defendants, plaintiff sustained injuries and damages including, but not limited to pain, loss of mobility, medical expenses, loss of income, as well as severe emotional distress, fear, anxiety, embarrassment and humiliation, all to her general damage in an amount according to proof.

22. The conduct of the individual defendants as alleged in this complaint was willful, malicious, oppressive and/or reckless and therefore plaintiff is entitled to punitive damages according to proof.

23. Plaintiff has been compelled to engage the services of private counsel to vindicate his rights under the law. Plaintiff is, therefore entitled to reasonable attorney's fees pursuant to Title 42, United States Code § 1988.

**SECOND CLAIM FOR RELIEF**

**NEGLIGENCE**

24. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 23 of this complaint.

25. Defendants owed a duty to plaintiff to use due care while plaintiff was in

**Kate Wells and Aaron Lodge, Attorneys for plaintiff**

the custody of the COUNTY and defendants breached that duty by failing to conform to the required standard of conduct; to wit: by failing to secure plaintiff in the back of the transport van to avoid foreseeable injuries, by failing to use due care while driving the van, and by failing to obtain or provide medical care for the injuries the plaintiff suffered as a result of their negligence.

26. Plaintiff further alleges that defendants' negligence was the direct and proximate cause of the injuries to plaintiff.

27. As a direct and proximate result of the unlawful actions of defendants, plaintiff sustained injuries and damages including, but not limited to pain, suffering, medical expenses, permanent injury, loss of mobility, loss of income, as well as severe emotional distress, fear, anxiety, embarrassment and humiliation, all to her general damage in an amount according to proof.

## JURY TRIAL DEMAND

28. Plaintiff demands a jury trial.

## PRAYER

**WHEREFORE,** plaintiff prays for judgment against the defendants, and each of them, as follows:

A. General damages according to proof;

B. Punitive damages against the individual defendants according to proof;

C. Attorney's fees pursuant to statute;

D. Costs of suit; and

E. For such other and further relief as the court deems appropriate.

Dated: April 20, 2016     __/s/  Kathleen E. Wells_____
                          KATHLEEN E. WELLS
                          Attorney for Plaintiff LAURIE SODERMAN